# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STEVEN ROY CHRISTANELLI,

      Plaintiff,

v.                                                                                    No. CV 18-827 CG

ANDREW SAUL, Commissioner for
Social Security Administration,

      Defendant.

## ORDER GRANTING IN PART PLAINTIFF'S
## MOTION FOR ATTORNEY FEES PURSUANT TO EAJA

**THIS MATTER** is before the Court on Plaintiff Steven Roy Christanelli's *Motion for Attorney Fees Pursuant to EAJA, with Supporting Memorandum* (the "Motion"), (Doc. 26), filed November 8, 2019; Defendant Commissioner Andrew Saul's *Response to Plaintiff's Request for Attorney Fees Pursuant to the Equal Access to Justice Act* (the "Response"), (Doc. 27), filed November 22, 2019; and Plaintiff's *Reply to Defendant's Response to Request for Attorney Fees Pursuant to EAJA* (the "Reply"), (Doc. 28), filed November 25, 2019. In her Motion, Plaintiff's counsel requests the Court award her $9,697.50 in attorney fees, for 47.55 billable hours of work performed before this Court in litigating Plaintiff's Social Security appeal. (Doc. 26 at 2). The Commissioner argues this amount is unreasonable and instead recommends Plaintiff's counsel be awarded $7,140 for 35 hours worked. (Doc. 27 at 2-3). Having reviewed the parties' filings and the relevant law, the Court finds that the Motion shall be **GRANTED IN PART** and Plaintiff shall be awarded a fee totaling $8,463.30 for 41.5 billable hours.

## I. Background

Plaintiff instituted an action in this Court on August 30, 2018, seeking judicial review of Defendant's denial of his application for supplemental security income. (Doc. 1). On August 13, 2019, this Court granted Plaintiff's request for relief, and remanded the case to the Commissioner for further proceedings. (Docs. 24, 25). Plaintiff's case has not yet been re-adjudicated by the Commissioner, but the Court's Order granting his Motion for Remand renders him a prevailing party for purposes of collecting attorney fees under the Equal Access to Justice Act ("EAJA"). In the present Motion, Plaintiff's counsel requests $9,697.50 for her work before the Court. (Doc. 26). Defendant disputes only the amount of time Plaintiff's attorney billed for drafting the Motion to Remand and Plaintiff's Reply. (Doc. 27 at 3).

## II. Controlling Law

EAJA provides for an award of attorney fees to a plaintiff when: (1) he is the prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). Defendant does not contest that these three factors are satisfied, and thus does not dispute that Plaintiff's counsel is entitled to an award of attorney fees under EAJA. (Doc. 27 at 2). However, Defendant argues that the number of hours Plaintiff's counsel billed for her work in this case are excessive and her award should be less than what she has requested. *Id.*

When evaluating the number of hours spent by counsel for an award of attorney fees, the guiding standard is one of "reasonableness." *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (interpreting attorney-fee request under 42 U.S.C. § 1988);

*see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) (explaining that once a litigant has established eligibility for fees under EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that [under 42 U.S.C. § 1988]"). The determination of reasonableness requires the Court to assess a "reasonable number of hours spent on the litigation," while exercising "billing judgment with respect to a claim of the number of hours worked." *Malloy*, 73 F.3d at 1018.

To demonstrate she has exercised appropriate billing judgment, an attorney should exclude hours from her fee request that are "excessive, redundant, or otherwise unnecessary." *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1202 (10th Cir. 1998). "A district court should approach this reasonableness inquiry much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). As such, the Court is obligated to exclude hours that are not "reasonably expended" from the final fee award calculation. *Ellis*, 163 F.3d at 1202.

### III.  Analysis

Plaintiff's attorney requests 47.55 hours for her work before this Court, including 32.8 hours for drafting and preparing her opening brief and 12.45 hours in drafting her reply. (Doc. 26-1 at 1-3). Defendant argues the Court should award Plaintiff's counsel fees for 35 hours of work completed, for a total award of $7,140. (Doc. 27 at 3). This figure, Defendant contends, is more reasonable given counsel's experience representing Social Security disability litigants. *Id.* In her reply, Plaintiff's counsel admits that attorneys in this district are typically awarded EAJA fees for no more than 40 billable hours when litigating a Social Security appeal. (Doc. 28 at 1). However,

Plaintiff's counsel argues she is entitled to an award of fees greater than the regional average because the Administrative Record was unduly large, she was not familiar with the evidence, and the issues presented were not "routine." (Doc. 28 at 1-3).

The Court agrees that the Administrative Record in this case was larger than ordinary, totaling over 2,000 pages. *See* (Doc. 28 at 2). This could, in the Court's experience, require more time to properly parse through the Administrative Record and ascertain the relevant information. Conceivably, a more voluminous Administrative Record may add one or two hours to an otherwise streamlined review. The Administrative Record's volume, however, does not wholly justify the higher-than-normal fees Plaintiff's counsel has requested. Indeed, if the Court permits 1.5 additional hours to be billed due to the larger Administrative Record in this case, Plaintiff's counsel is still 6.05 hours over the average amount of time attributed to a Social Security disability appeal. *See Martinez v. Colvin*, 2016 WL 9774938, at *2 (D.N.M. Nov. 30, 2016) (unpublished) (collecting cases) ("Courts have held the average number of hours required to fully brief a Social Security appeal in the Tenth Circuit generally range from 20 to 40 hours."); *Wellman v. Colvin*, 13-cv-1122 KBM, Doc. 25 at 2 (D.N.M. June 15, 2015) (unpublished) ("Courts generally have determined a range of 20-40 attorney hours as reasonable in pursuing a disability benefits appeal.")

The Court is not convinced that Plaintiff's counsel's additional arguments justify her six-hour billing excess. Specifically, after reviewing the briefing and the Court's Order remanding Plaintiff's case, the issues before the Court were no more complex than in the usual Social Security disability appeal. *See* (Doc. 19 at 1) (arguing the case should be remanded because (1) the ALJ "failed to use correct legal standards in

4

weighing the treating and examining source evidence"; (2) "[t]he RFC finding is contrary to the substantial evidence of record"; and (3) "[t]he Appeals Council should have remanded this case under *Lucia v. SEC*, 138 S.Ct. 2044 (2018)."). In addition, the Court is not convinced by Plaintiff's counsel's contention that because she was "not familiar" with the evidence in the Administrative Record, she is entitled to a larger fee. *See* (Doc. 28 at 2). Ordinarily, with every new Social Security appeal client, the attorney would be unfamiliar with the evidence in the record. As a result, unfamiliarity with the record would not warrant an enhanced award of attorney fees.

In closing, the Court finds Plaintiff's counsel has not demonstrated that she is entitled to an award of fees in excess of the regional average. While Plaintiff's counsel recognizes that the Court should consider the "hours a reasonable attorney would have incurred and billed … under similar circumstances," she does not direct the Court to any relevant cases where an attorney was awarded over 40 billable hours in EAJA fees. *See* (Doc. 28 at 3) (citing *Robinson*, 160 F.3d at 1281). Counsel's failure to direct the Court to case law that supports her contention is particularly compelling where, as here, the burden to demonstrate the reasonableness of the fee rests with Plaintiff. *See Robinson*, 160 F.3d at 1281 (explaining it is the applicant's burden to show that the claimed rate and number of hours requested are reasonable). Simply put, Plaintiff's counsel has not satisfied her burden that the requested fee award is reasonable.

IV.     **Conclusion**

As a result of the foregoing, the Court finds that Plaintiff's counsel shall be awarded fees for 40 billable hours, plus an additional 1.5 hours because of the voluminous Administrative Record, totally an award of $8,463.30 for 41.5 billable hours.

**IT IS THEREFORE ORDERED** that Plaintiff shall be awarded $8,463.30 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *See Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010) (providing EAJA fees are paid to the prevailing party, not the attorney).

**IT IS FURTHER ORDERED** that if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b), Section 206(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE